## JAKUSH *v.* STATE OF INDIANA.

[No. 24,371.    Filed November 14, 1924.]

CRIMINAL LAW.—*Instructions.—Assumption of Commission of Other Crimes.*—An instruction which, after reciting that evidence of the commission by defendant of other crimes of the same kind as the one with which he was charged had been introduced, told the jury "that the defendant is not on trial for those crimes at this time" and that the evidence was to be considered only for the purpose of showing knowledge and intent, was not erroneous as assuming the commission of such other crimes; the reference was to the evidence and not the commission, of other crimes.

From Lake Criminal Court; *Martin J. Smith,* Judge.

John Jakush was convicted of receiving stolen goods and he appeals.    *Affirmed.*

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *Perry R. Chapin,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *Owen S. Boling,* for the State.

EWBANK, J.—Appellant was convicted of buying, receiving and concealing a stolen Ford car with knowledge that it had been stolen, the man who pleaded guilty to the charge of stealing it testifying that he took it to appellant under a previous arrangement between them that appellant would take stolen cars off his hands, and that appellant paid him $35 or $40 for it, and filed the number off the engine. There was evidence that appellant afterward sold the car for $325. The witness also testified that he stole each of several other cars and delivered them to appellant, who paid him $40 or $50 for each of them, and changed the numbers on them, but that he (witness) had not yet been tried on the charges against him of stealing those cars. Appellant denied all knowledge that the car in question was stolen, and testified that he bought that particular car from

a second hand dealer in Chicago and paid him $275 for it. Appellant excepted to the overruling of his motion for a new trial by which certain instructions given by the court were challenged, and this ruling is the only alleged error not waived. The record has been corrected by certiorari so as to show that instructions numbered 3 and 8 did not contain the alleged errors for which they were attacked by appellant in his brief.

Complaint is made of instruction No. 9, which, after reciting that evidence of the commission by defendant of other crimes of the same kind as the one with which he was charged in the case at bar had been introduced, told the jury "that the defendant is not on trial for those crimes at this time", and that the jury was not to consider the evidence of those other crimes for the purpose of determining whether or not the defendant was guilty of them, but that such evidence was admitted only for the purpose, and was only to be considered .by the jury, if at all, on the question of guilty knowledge and felonious intent on the part of the defendant with reference to the crime charged in this case, if the jury should find beyond a reasonable doubt that the property described in the affidavit had been stolen and that defendant bought, received and concealed it, as alleged. Appellant complains that by the above language which we have enclosed in quotation marks "the court assumed not only that other crimes had been committed, but that appellant was guilty of other crimes for which he was not on trial." We do not think the language is open to the construction thus sought to be put upon it, or that by using it the court did assume defendant's guilt of any crimes at all. The reference throughout was to evidence of the commission of other crimes, and its effect; not to their actual commission. And while it might be possible to express the thought more happily, we do not think the language used could

mislead a jury into believing that the court meant to assert that defendant really did commit other crimes. Giving this instruction was not reversible error.

The judgment is affirmed.